STILES (HUIDEKOPER v.). See Case No. 6,853.

---

## Case No. 13,443.

### STILES v. The JOHN STEVENS.

[1 Am. Law J. (N. S.) 385; 4 Pa. Law J. 281.]

District Court, E. D. Pennsylvania. March, 1849.

COLLISION — VESSEL NEAR WHARF — STEAMER MAKING LANDING AT NIGHT.

Where a lying vessel is near to, but not moored at, the wharf, and not in absolute contact with the wharf, or with vessels at the wharf, without a signal light hoisted on dark nights, and with her boom rigged out-board, she must take the consequences of a collision with another vessel moving prudently to her accustomed berth.

In admiralty. The libel alleged that on the first of November, 1847, the sloop was moored safely to the pier or wharf, and that about 9 o'clock in the evening the steamboat was observed coming down the river, the tide being at flood; that there was sufficient time and tide for the steamboat to be kept clear of said sloop; that the sloop was lying at her moorings, and could not possibly get out of the way; that there was room for the steamboat to pass, yet the said steamboat kept her course, and ran with great force against the sloop, and did the damage complained of. The answer denied that the sloop was safely moored, and that there was room sufficient to pass in the regular and accustomed channel, and in the usual and proper manner of navigation, by reason of the obstruction offered by the improper mooring or anchoring of the said sloop; and it further alleged that the said sloop had not a visible signal light, as is required by law; and that her boom was rigged out-board instead of in-board, and that these were the causes of the collision, and that the improper mooring of the sloop was the sole cause of the collision.

John Fallow, for libellant.

Fisher & Hazlehurst, for respondents.

KANE, District Judge. The steamer John Stevens approached her landing place on the Delaware obliquely from the channel, at night, and against the tide, with her steam shut off, and her headway nearly arrested, when within a distance considerably less than her length from the head of the wharf at which she was to come to she encountered a small vessel, which had temporarily taken a position near the wharf immediately above, while waiting for a change of tide to drop down to her berth. The boom of the sloop struck the wheelhouse of the steamer, passed through the side of the cabin, and damaged it considerably. In return the boom was broken by the collision, and the sloop received other injuries. The owner of the sloop files his libel, and asks damages against the steamer. The sloop was not at the wharf, and she had no signal lamp hoisted. This is admitted on all hands, though the witnesses, in speaking of her distance from the

wharf, vary from five to sixty feet. She was heading along the tide, at anchor, whether otherwise fully moored or not; but either she was not moored to the wharf by a hawser from the stern, or her boom was not rigged in; one or the other; for, had her stern been steadied and secured as the libellant's witnesses say it was, and had her boom been rigged in, the steamer, moving obliquely towards the city. could not by any possibility have come in contact with the end of the boom.

Now, without deciding whether a vessel is to be regarded as at anchor in the stream so as to be bound to show a light, when, although in the tide way and at anchor, she is within mooring distance of a wharf, and attached to it by appropriate fasts, we have no hesitation in saying that a vessel so placing herself, not in absolute contact with the wharf, or with the vessels at the wharf, but at some distance from it or them, must take the consequences of a collision, if she allows her boom at night so to project over her side as to infringe against a vessel which is moving prudently to her accustomed berth.

The libel must therefore be dismissed. Each party will bear his own costs. Libel dismissed. The Scioto [Case No. 12.508]; Buzzard v. The Petrel [Id. 2.261]; The Indiana [Id. 7.020].